[L. A. No. 12278.  In Bank.—December 23, 1932.]

AMERICAN SYSTEM OF REINFORCING (a Corporation), Appellant, v. BREAKERS HOTEL COMPANY (a Corporation) et al., Respondents.

O'Melveny, Millikin & Tuller, O'Melveny, Tuller & Myers, J. R. Girling and L. M. Wright for Appellant.

Joe Crider, Jr., John M. Martin, Frank L. Martin, Jr., Page, Nolan, Rohe & Freston, Swaffield & Swaffield, William R. Gallagher, W. E. Lady, Denio, Hart, Taubman & Simpson and William P. Redmond for Respondents.

TYLER, J. *pro tem.*—Action to foreclose a mechanic's lien for materials furnished in the erection of a certain building. The amount claimed was $11,600.31. Defendant Metropolitan Casualty Insurance Company, as surety, confessed judgment in the sum of $1600.31, and set up as a defense that the balance of $10,000 had been paid. The trial judge so found and accordingly judgment was rendered against the surety for said sum of $1600.31. From this judgment plaintiff appealed and the District Court of Appeal reversed the same, and a hearing was granted by this court.

The facts show that on September 25, 1925, the Breakers Hotel Company entered into a contract with one William G. Reed, as contractor, for the erection of a hotel building on certain property owned by it in the city of Long Beach, for the contract price of $847,269.20. On the same date Reed, as principal, and the Metropolitan Casualty Company, as surety, executed a bond for the benefit of laborers and materialmen, and on October 2, 1925, this contract and bond were filed for record. The contract provided that the last payment of $105,000 of the contract price was to be made by notes of the Breakers Hotel Company, secured by a second deed of trust on the hotel property. On October 12th the plaintiff herein, American System of Reinforcing, entered into a contract with Reed, the contractor, by which it agreed to furnish certain material for use in the construction of said building. The contract, among other things, provided that plaintiff was to accept as part payment upon its contract, in lieu of cash, $10,000 in notes secured by a deed of trust given by Fred B. Dunn, the president of the Breakers Hotel, to Pacific Southwest Trust & Savings Bank, as trustor, out of the final payment of this contract. This contract also referred to the general contract between Reed and the Breakers Hotel Company. In carrying out this contract, plaintiff furnished material to the amount of $64,420.33, of which $52,820.02 was paid in cash, leaving a balance of $11,600.31.

On March 6, 1926, the contractor, Reed, delivered to plaintiff as payment on this balance a $10,000 note dated September 25, 1925, executed by the Breakers Hotel Company, due June 15, 1927, with interest and secured by a deed of

trust to the Pacific Southwest Trust & Savings Bank, which was one of the notes Reed had received from the Breakers Hotel Company as part payment of his contract price for the erection of the hotel building. The note was signed by the Breakers Hotel Company, by Fred B. Dunn, as president. It was received by one D. J. Stoddard, plaintiff's bookkeeper, together with a post-dated check for the sum of $2,980. Stoddard executed a receipt for the payment, reading as follows: "Received payment on Breakers Hotel job $12,-980.00 Paid 3–6–26 D.J.S." This credit was entered upon plaintiff's books to Reed's account and so remained up to the time of the trial, a period of many months. The receipt received by Reed from plaintiff, together with other receipts, was then delivered by Reed, the contractor, to S. W. Straus & Co., which company was financing the construction of the hotel building. The Metropolitan Casualty Insurance Company was then notified by Straus & Co. that they had receipted bills showing that all claims for materials had been paid by the contractor Reed, so as to entitle him to his next progress payment. The surety company thereupon consented to the payment by Straus & Co. to Reed of this payment. Thereafter plaintiff, American System of Reinforcing, received a letter from Breakers Hotel Company making inquiry as to what notes were held by it, and what balance, if any, was due from Reed, the contractor, to plaintiff on the hotel job. In reply thereto, plaintiff advised the hotel company that it held a note for $10,000, inclosed a copy of the same, and stated that in addition thereto there was a balance due from Reed amounting to the sum of $1600.31.

Thereafter plaintiff instituted this action, claiming, $11,-600.31 was due under its contract. The surety company set up the defense that the $10,000 note was taken by plaintiff as it had agreed, in part payment of its claim, and as stated above offered to confess judgment for the balance of $1600.31.

■ The finding of the court was that the note was taken in payment as contended by defendant. This finding is assailed upon the ground that the evidence does not support it. ■ It is argued in this connection that the note given in part payment by Reed and accepted by Stoddard and credited on the Reed account was not the note plaintiff

had agreed to accept, as it was not executed by Dunn, but rather by the hotel company. It also claims that in any event Stoddard, its bookkeeper, had no authority to accept the note in payment. There is no merit in these contentions. Under all the facts and circumstances, the only reasonable inference to be drawn from the evidence is that appellant had knowledge of the acceptance of the note, of the terms thereof, and of the crediting of the same as cash upon its books at the time the note was received. The Breakers Hotel was owned by Dunn, and plaintiff knew that the contractor was to receive part of his payment in notes executed by him, and had agreed to accept part payment in such notes. Plaintiff's contract referred to this fact. For a period of eleven months it failed to raise any objection to the payment. Stoddard had authority to receive payments and he had full knowledge of the arrangement between Reed and his company that it was to receive the character of note tendered to and accepted by him. ■ It is an agent's duty to communicate to his principal the knowledge that he has with respect to the subject matter of the transaction, and the only reasonable presumption to be drawn from the facts is that Stoddard did communicate to his officers all the facts in connection with the payment. (1 Cal. Jur. 846, 847; *McKenney* v. *Ellsworth,* 165 Cal. 326 [132 Pac. 75].) It is true that the president of appellant company testified he had no knowledge of the matter, but the trial court was not bound by this testimony. Stoddard was expressly authorized to keep the books of the company and to accept payments and issue receipts for the same, and it is unreasonable to presume that the officers of the company had no knowledge of the character of the payment and credit, considering its amount. ■ Moreover, we are of the opinion that plaintiff company is estopped from making any objection to the payment. It is true that the note was not signed by Dunn for himself, but it was signed by him as president of the hotel company. Section 2076 of the Code of Civil Procedure provides that the person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount,

terms or kind which he requires, or be precluded from objecting afterwards.

The surety company had no knowledge of the manner of payment. It was advised by plaintiff of what had taken place and, relying on this information, had authorized the disbursement mentioned, to the contractor by the owner. Stoddard wrote the letter advising that there was due only the sum of $1600.31. His authority so to do has never been questioned, challenged or denied, and his knowledge was the knowledge of plaintiff. Assuming that the officers did not pay any attention to their books, or to the letters received, and the answers thereto, as contained in their files, but left the management of their business to their bookkeeper, they ought not to be heard to say, after an innocent party has in good faith and in reliance on information received from such manager changed his position to his prejudice, that the agent lacked authority.

The court found that the note in question was indorsed by Reed without recourse and was delivered by him to American System of Reinforcing, and by said plaintiff accepted as payment in the sum of $10,000. It further found in consequence thereof that there was due plaintiff the sum of $1600.31 and no more. The evidence fully supports this finding.

The judgment is affirmed.

Waste, C. J., Curtis, J., Langdon, J., Preston, J., Shenk, J., and Seawell, J., concurred.